UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TAMMY G. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-00500-JMS-MPB |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff Tammy Clark applied for disability insurance benefits from the Social Security Administration ("SSA") on August 14, 2013, alleging an onset date of December 29, 2012. [Filing No. 13-5 at 2.] Her application was initially denied on January 15, 2014, [Filing No. 13-4 at 2], and upon reconsideration on June 20, 2014, [Filing No. 13-4 at 8]. Administrative Law Judge Jody Hilger Odell (the "ALJ") held a hearing on October 8, 2015. [Filing No. 13-2 at 32-79.] The ALJ issued a decision on December 2, 2015, concluding that Ms. Clark was not entitled to receive disability insurance benefits. [Filing No. 13-2 at 9.] The Appeals Council denied review on December 23, 2016. [Filing No. 13-2 at 2.] On February 16, 2017, Ms. Clark timely filed this civil action, asking the Court to review the denial of benefits pursuant to 42 U.S.C. § 405(g). [Filing No. 1.]

## I.
### STANDARD OF REVIEW

"The Social Security Act authorizes payment of disability insurance benefits … to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an

1

inability to engage in any substantial gainful activity. Second, it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last … not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

2

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(iv), (v). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. See *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## II.
### BACKGROUND

Ms. Clark was 49 years old at the time she applied for disability insurance benefits. [Filing No. 13-5 at 2.] She has completed high school and previously worked as a certified nursing assistant. [Filing No. 13-2 at 23.][1]

---

[1] Ms. Clark provided a detailed description of her medical history and treatment in her brief. [Filing No. 15; Filing No. 22 (Commissioner incorporated by reference).] Because that discussion implicates sensitive and otherwise confidential medical information concerning Ms. Clark, the Court will simply incorporate those facts by reference and only detail specific facts as necessary to address the parties' arguments.

3

The ALJ followed the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4) and ultimately concluded that Ms. Clark is not disabled. [Filing No. 13-2 at 25.]

The ALJ found as follows:

- At Step One, the ALJ found that Ms. Clark has not engaged in substantial gainful activity[2] since December 29, 2012, the alleged onset date. [Filing No. 13-2 at 14.]

- At Step Two, the ALJ found that Ms. Clark has the following severe impairments: degenerative disc disease, arthritis, type two diabetes with neuropathy, hypertension, low vision in the right eye, and obesity. [Filing No. 13-2 at 14.]

- At Step Three, the ALJ found that Ms. Clark does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [Filing No. 13-2 at 16.]

- After Step Three but before Step Four, the ALJ found that Ms. Clark has the RFC to "perform a significant range of light work. In this regard, she further can occasionally balance, stoop, kneel, crouch, crawl, climb ramps and stairs, and climb ladders, ropes, and scaffolds. The claimant can frequently reach in all directions, including overhead. The claimant is unable to work in a position requiring depth perception. She can never work at unprotected heights or around moving mechanical parts. She can never drive." [Filing No. 13-2 at 23.]

- At Step Four, the ALJ concluded, after considering Ms. Clark's age, education, work experience, and RFC and relying on the testimony of the vocational expert ("VE"), that Ms. Clark is incapable of performing her past relevant work as a certified nursing assistant. [Filing No. 13-2 at 23.]

- At Step Five of the analysis, the ALJ found that considering Ms. Clark's age, education, and RFC, there were jobs that existed in significant numbers in the national economy that Ms. Clark could have performed through the date of the decision. [Filing No. 13-2 at 24.]

---

[2] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a).

4

# III.
# DISCUSSION

Ms. Clark argues that the ALJ cherry-picked evidence to support her conclusion while ignoring conflicting evidence, and misstated findings to minimize their significance. [Filing No. 15 at 15-16.] Ms. Clark further argues that the ALJ's consideration of Ms. Clark's activities of daily living ("ADLs") is illogical and lacks support in the record. [Filing No. 15 at 17-18.] Connected to that argument, Ms. Clark asserts that it is difficult to reconcile that her reported limitations are directly reflected in consultative examination findings. [Filing No. 15 at 17.] Finally, Ms. Clark argues that the ALJ failed to take into consideration Ms. Clark's exemplary work history when considering her credibility. [Filing No. 15 at 19.]

The Commissioner argues that the ALJ properly relied upon uncontradicted medical opinions in assessing Ms. Clark's functional limitations. [Filing No. 22 at 3.] The Commissioner also argues that the ALJ's assessment of subjective allegations was not patently wrong and considered the factors specified in the regulations. [Filing No. 22 at 4-10.] Lastly, the Commissioner argues that the ALJ is not required to discuss work history in assessing credibility. [Filing No. 22 at 10.]

**A. Credibility Determination**

While Ms. Clark makes separate arguments organized by lines of Seventh Circuit precedent, the Court notes that all of them fall under the umbrella of an attack on the ALJ's credibility finding. An ALJ's credibility determination will not be overturned unless "patently wrong." *Herron v. Shalala,* 19 F.3d 329, 335 (7th Cir. 1995). *See also Elder v. Astrue,* 529 F.3d 408, 413–14 (7th Cir. 2008) ("It is only when the ALJ's determination lacks any explanation or support that we will declare it 'patently wrong'"); *Prochaska,* 454 F.3d at 738 ("Only if the trier of facts grounds [her] credibility finding in an observation or argument that is unreasonable or

unsupported can the finding be reversed."). Nevertheless, "an ALJ must adequately explain [her] credibility finding by discussing specific reasons supported by the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013) (citing *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); SSR 96-7p, 1996 WL 374186, at *2 (Jul. 2, 1996) ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."). Social Security Ruling 96-7p provides that the ALJ should first look to the objective medical evidence for support and then:

> In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:
>
> 1. The individual's daily activities;
>
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186, at *2 (Jul. 2, 1996).[3]

      The Court finds that the ALJ's credibility is not patently wrong under the deferential standard. While the Court does not completely agree with every reason the ALJ supplied or the weight attributed to certain evidence, the Court's review is limited. To determine whether substantial evidence exists, the Court reviews the record as a whole but is not allowed to substitute its judgment for the ALJ's "by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Williams v. Apfel*, 179 F.3d 1066, 1071-72 (7th Cir. 1999) (internal quotations omitted). The ALJ accurately summarized the governing standard. [Filing No. 13-2 at 17.] The ALJ detailed Ms. Clark's subjective complaints to her treating providers and her consistent testimony at the hearing. [Filing No. 13-2 at 18.] She accurately summarized the objective diagnostic imaging of record and noted where objective imaging was absent. [Filing No. 13-2 at 18-19.] The ALJ summarized relevant clinical examination findings, both supportive and conflicting. [Filing No. 13-2 at 19.] The ALJ commented that in her opinion Ms. Clark had not had much treatment for the allegedly disabling conditions that caused her pain, but had a good response to opioid medication. [Filing No. 13-2 at 19.] The ALJ explored Ms. Clark's explanation for having limited treatment and not continuing to use narcotics, but rather over-the-counter medication for her pain, and took care to articulate which statements she found credible and which statements she did not. [Filing No. 13-2 at 19.] The ALJ commented on the evidence of additional treatment measures that Ms. Bryant may have attempted and noted where

---

[3] On March 28, 2016, Social Security Ruling 16-3p became effective and issued new guidance regarding how a disability claimant's statements about the intensity, persistence, and limiting effects of symptoms are to be evaluated. *See* SSR 16-3P (S.S.A.), 2016 WL 1119029 (Mar. 28, 2016). Under SSR 16-3p, an ALJ now assesses a claimant's subjective symptoms rather than assessing her "credibility." *Id.* However, SSR 16-3p is not retroactive; therefore, the "credibility determination" in the ALJ's December 2, 2015 decision is governed by the standard of SSR 96-7p. SSR 16-3P, 2017 WL 5180304 at *1 (Oct. 25, 2017).

she found testimony inconsistent with a reference in the record that Ms. Bryant had completed a home exercise program. [Filing No. 13-2 at 19.] She noted that Ms. Bryant's treatment was limited to pain management, but that she was not using narcotic medication that had reportedly been effective in improving her functionality, and also noted the absence of other measures, such as injections and surgical intervention. [Filing No. 13-2 at 19-20.] The ALJ summarized Ms. Bryant's statements concerning her ADLs. [Filing No. 13-2 at 21-22.] Finally, she concluded that Ms. Bryant was "not entirely credible." [Filing No. 13-2 at 22.]

The Court finds that the ALJ did not simply note the standard and provide a conclusion, but actually applied the relevant evidence of record to the factors specified and took care to address evidence that both supported and conflicted with her conclusions. Accordingly, the Court cannot disturb her findings and declines to do so now. However, the analysis will continue to address Ms. Bryant's specific arguments.

### B. Cherry-Picking Evidence

Ms. Clark's argument that the ALJ cherry-picked evidence of pain complaints is without merit. The Court agrees that the ALJ's selection of one instance where Ms. Clark reported her neck pain to be a "mild 3 out of 10" is of limited import to her overall finding. [Filing No. 13-2 at 18.] Pain will often wax and wane. More importantly, she reported more severe 7 out of 10 pain in her lower back during the very same visit, [Filing No. 13-9 at 3], and as Ms. Bryant notes the predominance of her pain ratings far exceed the one reference, [Filing No. 15 at 15 (citing nineteen other references to higher reported pain levels)]. However, the ALJ did not ignore these complaints. To the contrary, the ALJ carefully laid out a discussion of Ms. Clark's complaints of pain, both in the record and during testimony, as noted above. In fact, of the nineteen instances referenced by Ms. Clark, the ALJ directly cited six of them (and one not mentioned by Ms. Clark).

8

[Filing No. 13-2 at 18.] The decision when read as a whole does not support a claim that the ALJ attempted to incorrectly state that Ms. Bryant had not predominantly complained of severe pain.

Ms. Clark is correct that the ALJ did not accurately cite the consultative examiner's conclusion that her pain appeared "*at least* moderate." [Filing No. 13-2 at 18 ("seemed moderate")] (citing Filing No. 13-8 at 67 (emphasis added)).] However, the distinction appears fairly innocuous. The Seventh Circuit has held that even if part of an "ALJ's credibility determination was not without fault," the court will still uphold an ALJ's credibility assessment if the ALJ provides other reasons that were "adequately supported by the evidence in the record." *McKinzey v. Astrue*, 641 F.3d 884, 890-91 (7th Cir. 2011); *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009) (An ALJ's credibility finding need not be "flawless" in order to survive scrutiny under the "patently wrong" standard.). The Court concludes mischaracterization alone is not enough to disturb the ALJ's credibility finding in light of the other reasons given.

### C. Activities of Daily Living

The Court also agrees to an extent that the ALJ's discussion of Ms. Bryant's ADLs does little to support her overall conclusion. [Filing No. 15 at 17.] The distinction the ALJ draws between certain ADLs that Ms. Bryant reported she could not perform and others that she could perform is not terribly persuasive that she is as functional as someone capable of working full-time with no greater restrictions than the ALJ found in her RFC. [*See* Filing No. 13-2 at 21-22.] However, the ALJ did acknowledge that Ms. Bryant's reported complaints appear to contradict her conclusion and did not rest solely on the limited ADLs that Ms. Bryant reported capable of performing, but also noted that she found the complaints to "significantly exceed the relatively modest medical findings and treatment noted above." [Filing No. 13-2 at 22.] The Court will not reweigh the evidence.

Ms. Bryant also argues that the limited reported ADLs are supported by consultative examination findings. [Filing No. 15 at 17.] However, the Court agrees with the Commissioner that Ms. Bryant is not qualified to make that medical determination, the consultative examiner did not opine any functional restrictions themselves, no acceptable medical source opined a greater level of restriction than the ALJ's RFC finding, and the ALJ's finding is significantly bolstered by the uncontradicted medical opinions of the reviewing consultants who considered the results of the consultative exam in formulating their opinions as to Ms. Bryant's exertional limitations. [Filing No. 22 at 9 (*See Denton v. Astrue,* 596 F.3d 419, 425 (7th Cir. 2010)).] Moreover, the ALJ referenced the consultative clinical examination findings fairly and accurately (beyond the misstated impression of Ms. Bryant's level of pain noted above). [Filing No. 13-2 at 19.] The Court cannot find that the ALJ's exertional findings were without support.

### D. Work History

Lastly, the Court considers Ms. Bryant's claim that the ALJ committed reversible error simply because the ALJ did not mention Ms. Clark's work history. Circuit precedent undermines the claim. *Stark v. Colvin*, 813 F.3d 684, 689 (7th Cir. 2016). In *Stark,* the Court noted:

> An ALJ is not statutorily required to consider a claimant's work history, but "a 'claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability.'" *Hill v. Colvin*, 807 F.3d 862, 868 (7th Cir. 2015) (quoting *Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983)). In assessing Stark's credibility about the disabling effects of her pain, the ALJ should have acknowledged Stark's efforts to continue work while experiencing significant pain and undergoing numerous surgeries and other treatments to relieve it. *See Pierce*, 739 F.3d at 1051 (criticizing ALJ for failing to consider claimant's "dogged efforts" to work in deciding claimant's credibility); *Flores v. Massanari*, 19 F. App'x 393, 404 (7th Cir. 2001) (criticizing ALJ for failing to acknowledge claimant's solid work history of 13 years).

*Id.* at 689. Ms. Clark does not present any evidence that her case is similar to the one in *Stark* and the related cases above where the Court was impressed with a long work history after the onset of

her impairments and a resilience to remain working through aggressive treatment attempts. Furthermore, the Court reads the decisions above to find that the absence of a discussion regarding the claimant's work history is one factor in assessing the ALJ's credibility analysis. One of the Court's later decisions makes that clear:

> The ALJ did not commit reversible error by failing to explicitly discuss Summers's work history when evaluating her credibility. See *Stark v. Colvin*, 813 F.3d 684, 689 (7th Cir. 2016) ("An ALJ is not statutorily required to consider a claimant's work history[.]") Although a consistent work history weighs in favor of a positive credibility finding, it is still just "one factor among many, and it is not dispositive." *Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016).

*Summers v. Berryhill,* 864 F.3d 523, 528-29 (7th Cir. 2017). The Court does not find reversible error here simply because the ALJ did not mention Ms. Clark's work history.

## IV.
### CONCLUSION

"The standard for disability claims under the Social Security Act is stringent." *Williams-Overstreet v. Astrue*, 364 F. App'x 271, 274 (7th Cir. 2010). "Even claimants with substantial impairments are not necessarily entitled to benefits, which are paid for by taxes, including taxes paid by those who work despite serious physical or mental impairments and for whom working is difficult and painful." *Id.* at 274. Taken together, the Court can find no legal basis presented by Ms. Clark to reverse the ALJ's decision that she was not disabled during the relevant time period. Therefore, the decision below is **AFFIRMED**. Final judgment will issue accordingly.

Date: 2/12/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jill.julian@usdoj.gov

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov